IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CATARINO F.,[1] § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:20-CV-00162-BU |
| § | |
| KILOLO KIJAKAZI § | |
| Acting Commissioner of Social Security[2] § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Catarino F. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge Sam R. Cummings referred this case and it was reassigned to the undersigned United States Magistrate Judge on August 3, 2020. Dkt. No. 6. The parties have not consented to proceed before a magistrate judge.

For the reasons explained below, the undersigned recommends that the Court affirm in part and remand in part the Commissioner's decision.

I.   BACKGROUND

Plaintiff alleges that his disability began September 29, 2017. *See* Administrative Record, Dkt. No. 22-1 ("Tr.") at 144. Plaintiff initially applied for Title XVI Supplemental

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.
[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Security Income on May 14, 2018. *Id.* After his application was initially denied on July 30, 2018, Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 144, 274. That hearing was held on October 8, 2019, in Abilene, Texas with the ALJ sitting remotely in Fort Worth, Texas. Tr. 223-246.

At the time of the hearing, Plaintiff was 56 years old. Tr. 225. He graduated from high school and completed some college classes. Tr. 226. He had past work experience as an x-ray tech. Tr. 227.

The ALJ found that Plaintiff was not disabled and was not entitled to disability benefits. *See* Tr. 144-57 ("ALJ Decision"). At step one of the analysis[3], the ALJ found Plaintiff had not engaged in substantial gainful activity since September 29, 2017, the alleged disability onset date. Tr. 147. At step two, the ALJ found the Plaintiff had several sever impairments including degenerative disc disease of the cervical and lumbar spine, status-post meniscectomy of the left knee, osteoarthritis of the left hip, and diabetes mellitus. *Id*. Also during this step the ALJ used the psychiatric review technique ("PRT") to determine if the Plaintiff's attention deficit hyperactivity disorder "would cause more than a minimal limitation in the [plaintiff's] ability to perform basic mental work activities . . . ." Tr. 147. The ALJ evaluated the four areas of the ALJ and found the Plaintiff had a mild limitation in understanding, remembering or applying information and a mild limitation in concentrating, persisting, or maintaining pace but had no limitation in the areas of interactive with others and adapting or managing oneself. *Id.*

---

[3] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. *Id.* at 148. The ALJ also determined the Plaintiff had the residual functional capacity to perform a light work with the following explanation:

> . . . [T]he claimant can frequently reach, and push and/or pull with the bilateral upper extremities. The claimant can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. He can occasional balance, stoop, kneel, crouch and crawl."

Tr. 149.

The ALJ based his opinion on medical records, the Social Security Administration's ("SSA") non-examining consultants, the Plaintiff's testimony, and a report from the Plaintiff's fiancée. Tr. 149-56. At step four, the ALJ found the Plaintiff could return to his past relevant work as a medical assistant and classified the position as light work. Tr. 156. The ALJ considered the Plaintiff's work experience, earnings, recency of the work, and time spent at his job to determine the Plaintiff could generally perform as a medical assistant in the national economy. Tr. 156-57. Accordingly, the ALJ determined that Plaintiff had not been under disability, as defined by the Social Security Act, for the period in question. Tr. 157.

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the

proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. See 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. Leggett, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); see also 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) Instead, a court will only reverse the

ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced Plaintiff. *Id*. That is, only if Plaintiff's substantial rights have been affected. *See Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

### III. ANALYSIS

Plaintiff challenged the ALJ's decision on two grounds. Dkt. No. 24. First, Plaintiff asserts the ALJ did not account for the Plaintiff's mental functional limitations in the residual functional capacity ("RFC"). *Id.* at 2. Second, Plaintiff claims the ALJ failed to analyze the Plaintiff's need for a cane. *Id.* at 6. The Court takes each issue in turn.

A. Mental functional limitations

Plaintiff claims the ALJ did not account for the Plaintiff's mental functional limitations in the RFC and dispositive hypothetical question. *Id.* at 3. The Plaintiff asserts even non-severe impairments must be accounted for in the RFC. *Id.* Plaintiff concedes while not accounting for mild mental limitations may be harmless in many cases, because the ALJ found the Plaintiff capable of skilled work the failure to consider the mental limitations in the RFC may have had a different outcome. *Id.* at 4. Plaintiff also alleges the ALJ improperly found the Plaintiff only had mild limitations in two of the four areas even though the SSA psychologists found the Plaintiff had mild limitations in all four areas. *Id.* at 5-6.

In response, the Commissioner argues the ALJ's finding of mild limitations means they were non-severe and thus do not need to be accounted for in the RFC or dispositive hypothetical question. Dkt. No. 25 at 6-7. Additionally, the Commissioner points out the SSA psychologists were non-treating sources and the ALJ is not bound by their findings. *Id.* at 7. Finally, the Commissioner argues the Plaintiff did not report the non-severe mental impairments as work-related limitations. *Id.* at 7.

According to the Code of Federal Regulations § 404.1520a, mental impairments are evaluated at step two using a special technique to determine whether the claimant has a medically determinable mental impairment and then the impairment is rated. C.F.R. § 404.1520a(a)-(b) West (2017). The ALJ must determine the functional limitation of the claimant in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and the ability to adapt or manage oneself. *Id.* at (c). The claimant is rated on a five-point scale including none, mild, moderate, marked, and extreme with extreme meaning the claimant is incapable of conducting any gainful activity. *Id.* at (c)(4). Generally, a rating of "none" or "mild" means the impairment or impairments is not severe and will not indicate "more than a minimal limitation [in a claimant's] ability to do basic work activities." *Id.* at (d)(1).

The ALJ will then assess all the relevant evidence in the case record and "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, *5. Then the ALJ will determine if the claimant can do their past relevant work with the developed with all relevant medical and other evidence in mind. 20 C.F.R. §§ 404 1545 (a)(2) (West 2012). Then, the ALJ

7

determines if there is existing work in the national economy in a significant number of jobs the claimant is capable of performing given the ALJ's RFC. 20 C.F.R. §§ 1566(b) (West 2021).

Plaintiff takes issue with the ALJ not accounting for any of his mental limitations in the RFC. However, the ALJ is not required to account for a non-severe mental limitation unless there is evidence the mental limitation is "more than a minimal limitation in [the claimant's ability] to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) (West 2017). Because the ALJ did not find the Plaintiff had a severe mental limitation at step two, the ALJ was not required to determine the medical severity or equivalence of a listed mental disorder of the impairment of the mental limitations at step three. *Id.* at (d)(2). Only if the ALJ finds a severe mental impairment that neither meets nor is equivalent to a listed mental disorder will the ALJ consider it as part of the RFC. *Id.* at (d)(3).

Here, the ALJ thoroughly examined each of the four areas as required using the PRT. Tr. 147-48. He determined the Plaintiff only had mild limitations in two of the four areas. *Id.* In understanding, remembering, or applying information, the ALJ also found that despite the mild limitation the Plaintiff could perform a number of written and verbal instructions including paying bills, counting change, and handing a savings account and checkbook. *Id.* at 147. In concentrating, persisting, or maintaining pace, the ALJ found the Plaintiff admitted despite some difficulties he could handle stress and pay attention as needed. *Id.*

Additionally, Plaintiff claims it is legal error to not accept the state agency psychologists' opinions on the Plaintiff's mental functional limitations. Dkt. No. 24 at 5.

8

These opinions come from examining sources. An examining source is one that is not based on medical need for treatment "but solely on [the claimant's] need to obtain a report in support of" a claim for disability. §§ 404.1527(a)(2). An examining relationship will generally be given more weight than someone who has not examined the claimant, but the Commissioner has the final opinion on disability. §§ 404.1527 (a)(2), (c)(1). Therefore, the ALJ was not required to accept the state agency psychologists' opinions as long as the ALJ's opinion is based on substantial evidence. Here, the ALJ cited to the Plaintiff's answers finding the Plaintiff had no limitation getting along with others as the Plaintiff stated he visited with friends and family a couple of times a month and got along with authority figures without a problem. Tr. at 147. In the area of adapting or managing oneself the ALJ found no limitation because the Plaintiff reported being able to make his own meals and take care of his household chores and had no limitations performing personal care. *Id.* This meets the standard of substantial evidence. The ALJ is the final opinion on the interpretation of the evidence and this court cannot reweigh the evidence. *See Greenspan*, 38 F.3d at 236.

For these reasons, the undersigned does not find the ALJ committed reversible error in not accounting for the Plaintiff's mental limitations in the RFC.

B. Need for a cane

In his second issue, Plaintiff argues the ALJ failed to analyze whether and how Plaintiff's use of a cane affects his ability to perform past relevant work as a medical assistant. Dkt. No. 24 at 6. Plaintiff further argues that "[a]gency policy recognizes that the use of a can significantly impact the capacity to perform even sedentary work, much less

light work." *Id*. (citing SSR 96-9P, 1996 WL 374185 *7). And Plaintiff points to "a significant number of references in the contemporaneous medical records indicating that [Plaintiff] used a cane at times, had a limp, or experienced notable gait problems." *Id*. Despite this evidence, Plaintiff argues, the ALJ failed to analyze, inquire of the VE, or otherwise reflect in the RFC whether and how his use of a cane affects his ability to perform past relevant work as a medical assistant. *Id.* at 7.

In response, the Commissioner argues that the ALJ did note that Plaintiff used a cane. Dkt. No. 25 at 14-15. But that argument fails to respond to Plaintiff's argument. Plaintiff does not fault the ALJ for not noting his use of a cane. Instead, Plaintiff faults the ALJ for not analyzing, including through the VE, whether and how his apparently undisputed use of a cane affects his ability to perform his past relevant work. The Commissioner fails to respond to this argument, except to claim that any such failure on the part of the ALJ, if it occurred, was harmless. *See* Dkt. No. 25 at 15.

An RFC must be based on all relevant evidence and consistent with both objective medical evidence and other evidence. 20 C.F.R. § 404.1529. This includes considering all an individual's impairments, even when they are not severe. SSR 96-8p, 1996 WL 374184, at *5. The ALJ also can draw reasonable inferences from the evidence, but must also remember "presumptions, speculation, and supposition do not constitute evidence." *Ceman v. Colvin,* 4:15-CV-543-A, 2016 WL 1567489, *3 (N.D. Tex. Apr. 1, 2016).

Here, the evidence indicates that Dr. Xiangling Zhang ordered a cane for Plaintiff's lower back pain on October 3, 2018. Tr. at 1889. Additionally, as Plaintiff's brief notes, there are numerous mentions of Plaintiff's need for a cane in the record. Dkt. No. 24 at 6-

10

7. The ALJ also noted the Plaintiff's "antalgic gait" starting in June 2017 through the hearing date. Tr. at 150-53. The Plaintiff also testified he was using a cane on the hearing date in October 2019 and continued to use the cane for knee, hip, and sciatic pain. Tr. 231. Finally, Plaintiff testified that his past relevant work would require him to assist patients up to 300 pounds onto tables and into wheelchairs. *Id.* .

In short, there appears here to be "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." *See* SSR 96-9p, 1996 WL 374185, *7. And the ALJ was required to consider the specific facts of Plaintiff's case and determine if the cane was needed for "prolonged ambulation, walking on uneven terrain, or ascending or descending slopes . . . ." *Id.* But despite the evidence above, the ALJ did not inquire of the VE—or otherwise develop—whether Plaintiff's use of cane may affect his ability to perform past relevant work as a medical assistant. *See* Tr. at 241-246. This failure constitutes legal error.

The Commissioner contends even if the ALJ should have evaluated the Plaintiff's use of a cane, the error was harmless. Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

After determining Plaintiff's RFC, the ALJ proceeded to step four of the analysis. At step four, the claimant bears the burden of showing that he cannot perform his past relevant work. *See Leggett*, 67 F.3d at 564.

If the ALJ determines that the claimant retains the RFC to perform a past relevant job, the decision must contain the following specific findings: "(1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation." *SSR: Program Policy Statement Titles II and XVI: Past Relevant Work—The Particular Job or The Occupation As Generally Performed*, SSR 82-61, 1982 WL 31387, at *1–2 (S.S.A. Jan 1., 1982); *see also Gonzales v. Colvin*, 3:15-CV-0685-D, 2016 WL 107843, at *11 (N.D.Tex. Jan. 11, 2016).

In finding that a claimant can return to his prior work, the ALJ must "directly compare the [claimant's] residual functioning capacity with the physical and mental demands of [his] previous work." *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994).

At step four an ALJ is permitted, but not required, to employ the services of a VE. 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."); *see also Adams v. Astrue*, No. 08-0135, 2009 WL 774845, at *7 (W.D. La. Mar. 24, 2009) ("At Step Four of the sequential evaluation process, the ALJ employed a vocational expert [] to find that [the claimant] was able to return to her past relevant work.")."'The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including

working conditions and the attributes and skills needed.'" *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (quoting *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)).

While the ALJ is not required to rely on the assistance of a VE at step four, in this case, he did. In his testimony, the VE classified Plaintiff's past work as a medical assistant. Tr. 241. The ALJ presented a hypothetical to the VE which asked him to consider an individual of Plaintiff's age, education, and past work as characterized by the VE. *Id*. The hypothetical further assumed that the individual is limited to work at the light exertional level, limited to frequent reaching and pushing and pulling with the bilateral upper extremities, limited to occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling, and precluded from climbing ladders, ropes, and scaffolding. *Id*. at 241-42. The VE responded that such an individual could perform Plaintiff's past work of a medical assistant. *Id*. at 242. The ALJ repeated the hypothetical but changed the exertion level from light down to sedentary, and the VE testified that such an individual could not perform Plaintiff's past work as a medical assistant. *Id*.

The ALJ relied on the testimony of the VE in determining at step four that Plaintiff could perform his past relevant work as a medical assistant. Tr. 156-57. But ultimately, based on the ALJ's questions to the VE and his subsequent decision, the undersigned is unable to determine whether and to what extent the ALJ adequately analyzed Plaintiff's use of a cane in determining Plaintiff's RFC and his ability to perform past relevant work. Proper inclusion of Plaintiff's use of a cane into the RFC could have resulted in a different outcome at step four, thus the undersigned cannot conclude that this error is harmless.

Accordingly, the undersigned recommends that the hearing decision be reversed and remanded for further administrative proceedings. On remand, the undersigned recommends that "the interaction or cumulation of all of [Plaintiff's] mental and physical medical problems and impairments" be considered in the ALJ's determination. *Loza*, 219 F.3d at 399.

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be REMANDED. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to Senior United States District Judge Sam R. Cummings in accordance with normal procedures

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be AFFIRMED in part and REVERSED in part and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions as to the issue of use of a cane. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to Senior United States District Judge Sam R. Cummings in accordance with normal procedures.

## V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings,

conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

        ORDERED this 22nd day of October, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE